**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JACOB RAINES**                                                                                **PETITIONER**

**VS.**                                   **CASE NO. 2:18CV00076 DPM/PSH**

**GENE BEASLEY, Warden,
Forrest City Low**                                                        **RESPONDENT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner Jacob Raines ("Raines") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 21, 2019.  Raines concedes that his petition complains about the conditions of his confinement at the Forrest City FCC penitentiary.  Among his complaints are medical negligence, limited access to legal materials, toxic water supply, mold, water leaks, opening of legal mail, unsanitary kitchen conditions, and blocking of administrative remedies and transfers.

By Order dated May 7, 2019, Raines was informed that his various claims should be pursued in a civil rights action authorized by *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and not in a § 2241 habeas corpus petition.  Docket entry no. 11.  Raines was further notified of his opportunity to consent to convert this action into a *Bivens* case by filing an amended complaint on or before June 10, 2019. *See Spencer v. Haynes*, 774 F.3d 467, 469-470 (8ᵗʰ Cir. 2014)

(petitioner's consent should be first obtained prior to conversion of a habeas petition to a *Bivens* case). Raines was informed that failure to respond would result in the recommended dismissal of this case without prejudice. A docket entry dated May 7, 2019 indicates that the Clerk of the Court mailed a blank 1983 complaint form and IFP application to Raines as directed by the Court.

June 10, 2019 has come and gone, and Raines has not responded to the Court's Order, has not filed an amended complaint, and has not filed an IFP application. Without Raines' consent to convert this case to a *Bivens* action, this Court must recommend that the petition be dismissed for lack of jurisdiction. Raines' petition does not attack the validity of his sentence or the length of his custody. For this reason, a writ of habeas corpus is not the proper remedy. "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger v. Erickson*, 77 F.3d 1071, 1074 (8th Cir. 1996).

For the reasons stated herein, the Court recommends that Raines' 28 U.S.C. § 2241 case be dismissed without prejudice due to lack of jurisdiction.

IT IS SO ORDERED this 18th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE